IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MARCELINE HOPE ENGLER                                                              PLAINTIFF

v.                      Civil No. 5:25-cv-05203-TLB

THE SALVATION ARMY                                                                 DEFENDANT

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Marceline Hope Engler, ("Engler"), filed this action alleging that The Salvation Army violated the law by trying to enforce gendered bathrooms. (ECF No. 1, p. 4). Engler proceeds *pro se* and *in forma pauperis* ("IFP"). Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening of the Amended Complaint (ECF No. 8) under 28 U.S.C. § 1915(e)(2).

**I.    BACKGROUND**

Engler filed her original Complaint on October 3, 2025. (ECF No. 1). On the same date, she filed a Motion to Proceed IFP. (ECF No. 2). In her complaint, Engler alleges that the Salvation Army prevented her, a transgender woman, from using the women's bathroom and threw her out. (ECF No. 1, p. 4). Engler alleges diversity jurisdiction but also asserts that both she and the Salvation Army are citizens of Arkansas and states that the amount in controversy is $900. (ECF No. 1, pp. 3–4).

1

## II.  APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted, or (3) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i-iii).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.  *Spencer v. Rhodes,* 656 F. Supp 458, 464 (E.D.N.C. 1987); *In re Tyler,* 839 F.2d 1290, 1293-94 (8th Cir. 1988).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  "[I]f the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."  *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004).

## III.  DISCUSSION

While Engler has not cited to any specific statutes or constitutional rights that she feels were violated, the Court must first address the apparent lack of jurisdiction.

Federal courts are courts of limited jurisdiction. *See e.g., Godfrey v. Pulitzer Publ'g Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998). Generally, the federal district courts may only exercise jurisdiction over cases in which diversity of citizenship exists and the requisite amount in controversy is involved and those cases in which a federal question is presented; that is, those cases involving violations of federal constitutional or statutory law. *See e.g., Southwestern Bell Tel. Co. v. Connect Commc'ns Corp.*, 225 F.3d 942, 945 (8th Cir. 2000). "[F]ederal question jurisdiction . . . grants federal district courts 'original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.'" *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Ltd.*, 843 F.3d 325, 328 (8th Cir. 2016). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998)(quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)) (alteration in original)). If it appears that jurisdiction is lacking, the Court will raise the issue sua sponte. *Dieser v. Cont'l Cas. Co.*, 440 F.3d 920, 923 (8th Cir. 2006).

The Salvation Army is a charitable organization which was founded in England and operates internationally including in the United States of America, where it is headquartered in Alexandria, Virginia.[1] Therefore, it may be considered a citizen of another state. However, Engler has not alleged a sufficient amount in controversy to establish diversity jurisdiction under 28 U.S.C. § 1332.

Federal question jurisdiction requires that the civil action arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Here, Plaintiff has not specifically alleged

---

[1] https://www.salvationarmyusa.org/about-us/ (Accessed December 19, 2025).

a violation of any specific Constitutional right, or federal law. Reading the complaint broadly it appears that Plaintiff believes she has been unlawfully discriminated against on the basis of her gender or gender identity by being denied access to public bathroom facilities. The Civil Rights Act of 1964 does entitle all persons to full and equal enjoyment of any place of public accommodation without discrimination or segregation on the ground of race, color, religion, or national origin.  42 U.S.C. § 2000a. However, it does not extend those protections to sex, gender, or gender identity. Title VII of the Civil Rights Act of 1964 does protect people from discrimination based upon their sex, but only in relation to employment. Title IX of the Education Amendments of 1972 prohibits sex-based discrimination in any school or educational program that receives funding from the federal government. 20 U.S.C. § 1681. However, Engler does not allege discrimination in the context of work or employment but rather in public accommodations.

In this case, Engler has not alleged the minimum amount in controversy of $75,000 to establish diversity jurisdiction and does not specifically allege federal question jurisdiction. 28 U.S.C. §1332. The Court has considered whether the stated facts give rise to either diversity or federal question jurisdiction. Even read broadly, Engler has not stated a claim over which this Court has jurisdiction.

### IV.     CONCLUSION

For these reasons, it is recommended that Engler's case be **DISMISSED** for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2).

**Status of Referral: Entry of this Report and Recommendation terminates the referral.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).   The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties**

**are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

      **RECOMMENDED** this 19th day of December 2025.

                                        /s/ *Christy Comstock*
                                        CHRISTY COMSTOCK
                                        UNITED STATES MAGISTRATE JUDGE