IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**MARCELINE HOPE ENGLER**                                                                  **PLAINTIFF**

V.                              **CASE NO. 5:25-CV-5203**

**THE SALVATION ARMY**                                                                  **DEFENDANT**

**ORDER**

On December 6, 2025, the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas, performed an initial screening of the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and issued a Report and Recommendation ("R&R") (Doc. 6), finding that the case should be dismissed for failure to state a claim. Plaintiff Marceline Hope Engler alleges that The Salvation Army prevented her, a transgender woman, from using the women's bathroom and then "kicked [her] . . . out." *See* Doc. 1, p. 4. Those are the only facts in the Complaint. Although Ms. Engler contends the Court has subject matter jurisdiction based on complete diversity, the Complaint fails to state the citizenship of The Salvation Army. Moreover, Ms. Engler's claim for damages is only $900, which is well below the statutory minimum required for diversity jurisdiction.

Despite the above deficiencies, the Magistrate Judge was mindful of the fact that Ms. Engler proceeds *pro se* and briefly considered whether the facts alleged here amounted to a plausible claim under 42 U.S.C. § 2000a, Title VII of the Civil Rights Act of 1964, or Title IX of the Education Amendments of 1972. *See* Doc. 6, pp. 3–4. The Magistrate Judge concluded no plausible claims were stated. On December 23, 2025,

1

Ms. Engler filed an Objection to the R&R (Doc. 7), which triggered a *de novo* review of the record.

Ms. Engler's Objection apparently concedes that diversity jurisdiction is unavailable. However, she suggests that her claim for sex/gender-identity discrimination arises under a federal statute, namely 42 U.S.C. § 3601 *et seq.*, the Fair Housing Act ("FHA")—though this statute appears nowhere in her Complaint. Ms. Engler is correct that § 3604 of the FHA prohibits discrimination in the sale or rental of a "dwelling" on the basis of sex. However, the Complaint is silent as to the nature of the housing relationship between Ms. Engler and The Salvation Army. Assuming she was housed at a Salvation Army homeless shelter, the Complaint does not explain where the shelter was or how long Ms. Engler stayed. Thus, the Court cannot begin to analyze whether such housing qualifies as a "dwelling" under the FHA. *See* 42 U.S.C. § 3602(b) ("'Dwelling' means any building, structure, or portion thereof which is occupied as, or designed or intended for occupancy as, a residence by one or more families, and any vacant land which is offered for sale or lease for the construction or location thereon of any such building, structure, or portion thereof.").

Furthermore, courts around the country disagree about whether homeless shelters qualify as "dwellings" under the FHA. *See, e.g.*, *Hunter ex rel. A.H. v. D.C.*, 64 F.Supp.3d 158, 177 (D.D.C. 2014) (homeless shelter is a dwelling under the FHA); *Intermountain Fair Hous. Council v. Boise Rescue Mission Ministries*, 717 F. Supp. 2d 1101, 1109 (D. Idaho 2010) (homeless shelter is not a dwelling under the FHA); *Smith v. The Salvation Army*, 2015 WL 5008261, at *4 (W.D. Pa. Aug. 20, 2015) (applying the

Third Circuit's test in concluding that a shelter was not a dwelling under the FHA). One thing is certain: These courts apply fact-dependent tests to discern whether a shelter is covered under the FHA; but, as previously stated, Ms. Engler's Complaint is devoid of relevant facts that could assist in this inquiry.

**IT IS THEREFORE ORDERED** that the Objection to the R&R is **OVERRULED**, the R&R is **ADOPTED IN FULL,** and the Complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** on this 6th day of January, 2026.

TIMOTHY L. BROOKS
CHIEF UNITED STATES DISTRICT JUDGE